NO. 07-02-0158-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 21, 2002



______________________________




CHARMAINE EVETTE MOORE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY CRIMINAL COURT AT LAW NO. 1 OF HARRIS COUNTY;



NO. 1076954; HONORABLE REAGAN C. HELM, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Charmaine Evette Moore has given notice of appeal from a conviction and
sentence in cause number 1076954 in the County Criminal Court at Law No. 1 of Harris
County, Texas (the trial court). The clerk of this court received and filed the trial court
clerk's record on April 15, 2002. The trial court reporter's record was due to be filed no
later than April 15, 2002, which time was extended and the reporter's record was due to
be filed on May 15, 2002. By letter dated June 5, 2002, the appellate clerk advised the
court reporter that no reporter's record had been received and requested the reporter to
file a response to the letter within 10 days of the date of the letter. The reporter has filed
neither a response to the appellate clerk's letter nor a reporter's record. The clerk's record
in this court reflects no further action by any party to the appeal to prosecute the appeal. 

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then
whether appellant is indigent and is entitled to a free reporter's record and appointment of
counsel; (3) what orders, if any, should be entered to assure the filing of appropriate
notices and documentation to dismiss appellant's appeal if appellant does not desire to
prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the
reporter's record will be timely filed and that the appeal will be diligently pursued. If the trial
court determines that counsel should be appointed to represent appellant on appeal, the
court should cause the clerk of this court to be furnished the name, address, and State Bar
of Texas identification number of the newly-appointed attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a reporter's record; and (4) have a record of the proceedings
made to the extent any of the proceedings are not included in the supplemental clerk's
record or the reporter's record. In the absence of a request for extension of time from the
trial court, the supplemental clerk's record, reporter's record of the hearing and
proceedings pursuant to this order, and any additional proceeding records, including any
orders, findings, conclusions and recommendations, are to be sent so as to be received
by the clerk of this court not later than July 31, 2002. 

 

 Per Curiam

Do not publish.




">          It is so ordered.
                                                                           Per Curiam
Do not publish.